UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

SANDRA J. KLYAIC, )
        **Plaintiff,** )
v. )
) Case No. 08-2286
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        **Defendant.** )

# ORDER

In December 2007, Administrative Law Judge (hereinafter "ALJ") Gerard Rickert denied Plaintiff Sandra Klyaic's application for social security disability insurance benefits. The ALJ based his decision on his finding that Plaintiff was able to perform some of her past relevant work. The Appeals Council disagreed with the ALJ regarding Plaintiff's past relevant work but found Plaintiff was not disabled.

In December 2008, Plaintiff filed a Complaint for Judicial Review (#4) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny social security benefits. In May 2009, Plaintiff filed a Motion for Summary Judgment or Remand (#12). In May 2009, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#15). After reviewing the administrative record and the parties' memoranda, this Court **DENIES** Plaintiff's Motion for Summary Judgment or Remand **(#12)**.

### I. Background
### A. Procedural Background

The parties have consented to the jurisdiction of a United States Magistrate Judge.

Plaintiff filed an application for disability benefits alleging an onset date of September 30, 2004. Her claim for disability benefits is based on her status as the widow of a deceased worker. The ALJ found that she satisfied the nondisability requirements for coverage

and that she must establish that her disability began on or before December 31, 2005, in order to be entitled to benefits.

The Social Security Administration denied her application initially and on reconsideration. At Plaintiff's request, the ALJ held a video hearing on January 10, 2007. An attorney represented Plaintiff at the hearing. Plaintiff and a vocational expert, Bonnie Gladden, testified at the hearing. In December 2007, the ALJ issued a decision denying Plaintiff benefits on the basis that she could perform her past relevant work.

In August 2008, the Appeals Council reviewed the case and found that the ALJ had erred by finding that Plaintiff was capable of performing her past relevant work as a cook and cashier because her earnings record did not reflect any earnings that reached the level of substantial gainful activity. (#10, pp. 8-9.) The Appeals Council stated that Plaintiff was able to perform the full range of medium work, she was closely approaching advanced age, and she had a limited or less education. Accordingly, the Appeals Council found that 20 C.F.R. § 404.1569 and Rule 203.18, Table No. 3 of 20 C.F.R. Part 404, Subpart P, Appendix 2, directed a finding that Plaintiff was not disabled. (#10, p. 9.) Thus, the Appeals Council's decision, not the ALJ's decision, is the final decision of the Commissioner. 20 C.F.R. § 404.981. In December 2008, Plaintiff appealed this decision by filing a complaint with this Court pursuant to 42 U.S.C. § 405(g). Plaintiff seeks an outright reversal. In the alternative, she asks the Court to remand the case for reconsideration.

**B. Factual Background**

Plaintiff's application alleges disability based on high blood pressure and depression. (R. 107.) At the hearing, Plaintiff testified that she cannot stand very long because of hip pain. (R. 44.)

The ALJ found that Plaintiff had the severe impairment of hip pain. She also has been diagnosed with high blood pressure and depression. The ALJ stated that Plaintiff had no medically-determinable impairment of high blood pressure and that Plaintiff's depression was

2

mild. He stated that Plaintiff has the residual functional capacity (hereinafter "RFC") to perform the full range of medium work.

## II. Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's finding with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). The findings of the Commissioner of Social Security as to any fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, the question before the Court is not whether a plaintiff is, in fact, disabled, but whether the evidence substantially supports the ALJ's findings. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether a plaintiff is disabled, the Court must affirm the ALJ's decision denying benefits. *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996).

The Court gives considerable deference to the ALJ's credibility finding and will not overturn it unless the plaintiff can show that those findings are patently wrong. *Urban v. Sullivan*, 799 F. Supp. 908, 911 (C.D. Ill. 1992).

## III. Discussion

Plaintiff argues that the ALJ erred by (1) reaching an incomplete and erroneous conclusion regarding Plaintiff's RFC; (2) improperly assessing credibility; and (3) using incomplete hypothetical questions.

## A. The RFC

Plaintiff does not dispute the ALJ's finding regarding her high blood pressure. Her arguments are limited to the ALJ's findings that (1) Plaintiff's depression is not severe; and (2) Plaintiff's hip pain would not restrict her from performing medium work.

Regarding her hip pain, Plaintiff argues that the ALJ improperly dismissed Dr. Raju's uncontested findings and erred by failing to recontact him. Regarding her depression, Plaintiff argues that the ALJ erred by finding that Plaintiff's condition was only mild. Specifically, Plaintiff contends that the ALJ improperly relied on his own lay opinion to determine that Plaintiff's depression caused only mild limitations instead of calling on a medical expert to assess Plaintiff's condition, erroneously found that Plaintiff's daily activities undermined her allegations of mental limitations, failed to state what weight he gave to Dr. Lim's findings that show ongoing depression requiring substantial medication, and erroneously concluded that Plaintiff's "pursuit of treatment is not consistent with a person suffering from disabling depression." (R. 19.)

In addition, Plaintiff contends that the ALJ erred by failing to consider the combination of Plaintiff's mental and physical impairments. However, Plaintiff did not present any evidence or argument demonstrating how a combination of impairments would interfere with her ability to perform medium work; instead, she argued generally that the ALJ did not consider the combined effect of the impairments. In the absence of any discussion, the Court cannot assess this argument. *See Capitol Indem. Corp. v. Elston Self Serv. Wholesale Groceries, Inc.*, 559 F.3d 616, 619 (7th Cir. 2009) (holding that a party waives any argument that she fails to develop).

Based on the evidence, the Court cannot conclude that the ALJ acted improperly when he stated that he gave Dr. Raju's opinion reduced weight because of internal inconsistency and lack of longitudinal support. As the ALJ noted, Plaintiff first complained about her hip pain at the hearing. Furthermore, Dr. Raju's initial examination stated that Plaintiff had no restrictions in

4

walking, standing, or sitting (R. 199), and Plaintiff's own questionnaire dated February 11, 2006, indicated no physical difficulties.

Plaintiff contends that the ALJ erred by using Plaintiff's activities of daily living to undermine her allegations of mental limitations. In support, Plaintiff cited a number of cases. However, the cases Plaintiff cited do not stand for the premise that an ALJ may not consider a claimant's daily activities when assessing her condition. In fact, the regulations expressly provide that an ALJ can consider factors relevant to a claimant's symptoms, including daily activities, medication taken to alleviate pain or other symptoms, and treatment, among other things. 20 C.F.R. § 1529(c)(3). Thus, the ALJ may consider activities of daily living when evaluating a claimant's symptoms, and the ALJ did not err by doing so.

Regarding Plaintiff's arguments that the ALJ should have called a medical expert to assess Plaintiff's condition and should have recontacted Dr. Raju, it is true that the ALJ has a duty to develop the record. *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991). An ALJ must recontact medical sources "only when the evidence received is inadequate to determine whether the claimant is disabled." *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004); 20 C.F.R. § 404.1512(e). Thus, the relevant question is whether the medical evidence available to the ALJ provides a sufficient basis for a decision.

Judicial review of administrative decisions is deferential, and courts must respect the authority of an ALJ to decide how much evidence is necessary in a given case. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993) ("[I]t is always possible to do more. How much evidence to gather is a subject on which district courts must respect the [Commissioner's] reasoned judgment."). "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Binion v. Shalala,* 13 F.3d 243, 246 (7th Cir. 1994). This is particularly true in light of the fact that the claimant, not the ALJ, bears the burden of presenting medical evidence of an impairment, which means that the claimant

5

bears the risk of uncertainty. *Eichstadt v. Astrue,* 534 F.3d 663, 668 (7th Cir. 2008); 20 C.F.R. § 404.1512(a). Furthermore, when a claimant is represented by counsel, as Plaintiff was here, the ALJ is entitled to assume she is making her best case. *Glenn v. Sec'y of Health & Human Servs.*, 814 F.2d 387, 391 (7th Cir. 1987). Here, the evidence was adequate for the ALJ to reach a decision, and the ALJ acted within his discretion when he elected not to recontact Dr. Raju or call an expert to assess Plaintiff's depression. *See Skarbeck*, 390 F.3d at 504.

The Court has reviewed the ALJ's decision in light of the evidence in the record and concludes that he did not err by determining that Plaintiff had the RFC to perform the full range of medium work.

The Appeals Council agreed with the ALJ that Plaintiff could perform a full range of medium work. The Council noted that Plaintiff was closely approaching advanced age and had a limited or less education; therefore, based on an RFC of medium work, the Appeals Council stated that the Grids, specifically Table No. 3 of Appendix 2, directed a finding that Plaintiff was not disabled. The Court has concluded that the ALJ's (and the Appeals Council's) RFC is supported by substantial evidence. Plaintiff has waived any argument regarding whether the Appeals Council erred by applying the Grids to find Plaintiff not disabled. *Reynolds v. Bowen*, 844 F.2d 451, 453 (7th Cir. 1988) (claims not raised are waived). Because the Court concludes that substantial evidence supports a finding that Plaintiff can perform the full range of medium work, the Court denies Plaintiff's motion for summary judgment.

The Court notes that both parties discussed Plaintiff's past relevant work. Because the Appeals Council has determined that Plaintiff has no past relevant work, the Court need not consider these arguments.

## B. Credibility

Next, Plaintiff argues that the ALJ erred when he found Plaintiff not entirely credible.

The Seventh Circuit has outlined an extremely deferential standard of review regarding credibility; a court will reverse the ALJ's findings on credibility only when they are patently wrong. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). A court should conclude that a credibility determination is patently wrong only when it "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

Here, the ALJ has discussed why he found that Plaintiff's statements were not entirely credible. Thus, he has satisfied the Seventh Circuit court's requirement that the ALJ explain his reasoning. Furthermore, Plaintiff has pointed to nothing specific in the ALJ's explanation that is inaccurate or a mischaracterization of the evidence. The Court has reviewed the record and concludes that the ALJ's reasoning is not patently wrong. Accordingly, the Court cannot conclude that the ALJ erred when assessing Plaintiff's credibility.

## C. Incomplete Hypothetical Questions

Plaintiff also argues that the ALJ erred by using incomplete hypothetical questions because they were based on an improper RFC assessment. The Court need not consider this argument because the Court has determined that the ALJ did not err when assessing Plaintiff's RFC. Furthermore, the final decision of the Appeals Council is based on the applications of the Grids, not the VE's testimony.

## IV. Summary

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion for Summary Judgment or Remand **(#12)**.

ENTER this 26th day of February, 2010.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE